BEER, Judge.
These consolidated cases come to us on a devolutive appeal from a judgment of the Twenty-Fourth Judicial District Court rendered on August 12, 1974. That judgment *137 dealt with the computations and procedures required for the orderly execution of judgments* in three separate suits on the docket of that court which had been consolidated for trial.
The district judge made the following disposition of those longstanding unexecut-ed judgments:
“1) That the proceeds due under the judgment rendered in the case of Hogan Brothers, Inc. v. Schweg-mann Westside Expressway, Inc. and Gervais F. Favrot Co., Inc., be applied against the more onerous judgment of John Schwegmann, Jr. v. Moreland H. Hogan, No. 66-208, in the principal amount of $23,000.-00, leaving a balance of $3,441.65;
“2) That the judgment rendered in the case of John Schwegmann, Jr. v. Moreland H. Hogan, No. 66-207 on the docket of this court, in the principal amount of $20,000.00, is execu-tory in its entirety;
“3) That the amount of the writs of fieri facias issued in the case of John Schwegmann, Jr. v. Moreland H. Hogan, No. 66-208, be and are hereby reduced to $3,441.65, plus interest from the date of the issuance of the writ of fifa of June 24, 1974.
“4) That the writs of fieri facias issued in the case of John Schwegmann, Jr. v. Moreland H. Hogan, No. 66-207, be and are hereby executory in the full amount of the original judgment, not subject to any credits.”
Thereafter, with respect to those issues first raised in these cases concerning the allegedly improper issuance of writs of fieri facias and the resulting seizure of deposits, the district court held:
“The Court further finds that the writs of fieri facias in both John Schwegmann, Jr. v. Moreland H. Hogan. No. 66-208 and in John Schwegmann, Jr. v. Moreland H. Hogan, No. 66-207, were not improvidently issued, but tracked the language of the original judgments and recognized the credits allowed therein.
“Furthermore, the Court finds, with regard to the seizure of deposits of defendant Moreland H. Hogan in the First National Bank of Commerce, that the garnishment was merely supplementary and ancillary to the writ of fieri facias.
“The Court further finds that no writ of sequestration actually issued herein since none was ever requested or intended by the parties and this confusion resulted from a typographical error on the part of a clerk for the Civil District Court for Orleans Parish.
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the petition to dissolve, quash and set aside the writ of fieri facias be dismissed and the writ of injunction, for damages and attorney’s fees herein prayed for be denied and that plaintiff-in-rule’s demand be rejected, at his cost.”
We affirm.
Except for the issues raised in connection with the actual execution of the judgments, the thrust of appellant’s case centers on the contention that the indefinite wording of the judgments in favor of Schwegmann render them null and void ab initio or, alternatively, that the wording requires that the judgment in favor of Hogan compels that it be offset individually against both judgments in Schwegmann’s favor; in other words, that it be applied twice as a full offset up to its total amount in offsetting each of the judgments in Schwegmann’s favor.
The three separate lawsuits noted above resulted in the entry of separate judgments on the same date, June 18, 1968:
(1) In 63-992, Hogan Bros., Inc. v. Schwegmann Westside Expressway, Inc. *138 and Gervais F. Favrot Co., Inc., the court awarded Hogan $29,680.89 with legal interest from judicial demand until paid and for all costs and further held:
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the judgment rendered this date in suit No. 66-208 entitled ‘John Schwegmann, Jr. vs. Moreland H. Hogan’ and in suit No. 66-207 entitled ‘John Schwegmann, Jr. vs. Moreland H. Hogan’ be and they are hereby, by agreement of the parties, offset to the extent of the amount of judgment herein rendered.”
(2) In 66-207, John Schwegmann, Jr. v. Moreland H. Hogan, the court awarded Schwegmann $20,000 with interest at the rate of 6 percent per annum from September 26, 1960, until paid together with 10 percent with principal and interest as attorney’s fees and for all costs and further held:
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this judgment be subject to credit against the amount awarded plaintiff in suit no. 63-922 entitled ‘Hogan Brothers, Inc. vs. Schwegmann Westside Expressway, Inc. and Gervais F. Favrot Co., Inc.’, by judgment this date.”
(3) In 66-208, John Schwegmann, Jr. v. Moreland H. Hogan, the court awarded Schwegmann $23,000 with interest at 6 percent per annum from August 17, 1960, until paid and for attorney’s fees in the amount of 20 percent and further held:
“IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this judgment be subject to credit against the amount awarded plaintiff in suit no. 63-922 entitled ‘Hogan Brothers, Inc. vs. Schwegmann Westside Expressway, Inc. and Gervais F. Favrot Co., Inc.’, by judgment this date.”
We do not agree with appellant’s ingenious but inequitable contention that the judgment in 63-922 should apply in its total amount to offset 66-207 and then, with renewed vigor, in its total amount to offset 66-208. We believe this result was neither the intention of the parties nor of the now deceased able District Judge who confected the judgment. It is difficult to conclude that the court intended (or that the language indicates) any such result — especially one so unjust as that sought by appellants.
The judgments in Schwegmann’s favor are not unenforceable because of indefiniteness. Russo v. Fidelity & Deposit Company, 129 La. 554, 56 So. 506 (1911) is not applicable here and there is no need to remand this case. The necessary mathematical computations have already been programmed and carried out. There is also no basis for appellant’s contention that LCC Art. 2207 requires that the judgment in 63-922 be given some sort of super strength so as to apply against 66-207 and then all over again against 66-208.
Accordingly, we find no error in the district court’s treatment of the judgments insofar as the final computations were concerned.
The original method of enforcement was essentially correct but a clerical error intervened (through no fault of either litigant or their attorneys) and resulted in the improvident seeking of a writ of sequestration which did not actually issue and, thus, caused no real harm. In all important respects the procedural steps guide-lined in the district court judgment of August 12, 1974 could be followed to a final disposition without the need of further clarification or amendment by us, particularly in view of the fact (of record) that proper garnishment proceedings were subsequently instituted and did result in the obtaining of some funds which were applied against the balance due Schwegmann.
As a matter of good judicial housekeeping, the language used in the instances with which we are here concerned might better have been eliminated to avoid the possibility of confusion. However, all of *139 the parties to all of the various lawsuits in the district court and their respective attorneys stipulated the particular method of confecting the judgments in all of the cases. That method was followed. No appeals were taken. A clear judicial estoppel exists with respect; to the contentions of appellant.
For the foregoing reasons, the judgment of the lower court is affirmed. Cost of this appeal to be paid by appellant.
Affirmed.

 rendered in 1968.